## UNITED STATES

v.

**Sergeant James P. SHANAHAN, Jr., FR 077–56–5960 United States Air Force.**

**ACM 23846.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 25 Oct. 1982.

Decided 12 July 1983.

---

**2.** *United States v. Goode,* 1 M.J. 3 (C.M.A. 1975).

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Conrad C. Baldwin.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

On 21 August 1981, the accused and several other Air Force members were arrested by Greek authorities for suspected involvement with hashish. Subsequently, the accused was charged, under Greek law, with using and transferring hashish. Our treaty obligation with Greece requires the United States to insure that an accused remains·in Greece until the matter is resolved. Accordingly, the accused was ordered by his commander on 24 August 1981, not to leave Greece unless he was authorized to do so in writing. The trial was scheduled for 21 June 1982. On 18 June, the accused was told there was a "strong possibility" he would be convicted and if this was the case he should expect confinement in a Greek prison. The accused left Greece over the weekend and voluntarily surrendered to military authorities at RAF Mildenhall, England, on 20 July 1982.

Pursuant to his pleas the accused was convicted by military judge alone of a 30-day absence without leave and willfully disobeying a lawful order not to leave Greece in violation of Articles 86 and 90, U.C.M.J., 10 U.S.C. §§ 886, 890. The approved sentence extends to a bad conduct discharge, eight months confinement at hard labor, forfeiture of $350.00 per month for six months, and reduction to airman basic.

## I

The accused argues that the two offenses were multiplicious for sentencing and that the trial judge erred when he ruled otherwise.

In the last few months the Court of Military Appeals has entered a period of transition in determining what offenses are multiplicious for findings or sentence. This winnowing process has left the intermediate appellate courts at sixes and sevens in attempting to apply the emerging guidelines.

In *United States v. Baker*, 14 M.J. 361, 372 (C.M.A.1983), Judge Cook, in a dissenting opinion, observed that the present rules regarding multiplicity are a "mess." However, recently in *United States v. Doss*, 15 M.J. 409 (C.M.A.1983), Chief Judge Everett indicated three situations where multiplicity for findings would be apparent. He identified these as:

1) Where a conviction on multiple offenses involves inconsistent findings of fact. *See, e.g., United States v. Cartwright*, 13 M.J. 174 (C.M.A.1982) (Accused charged with both larceny as an aider and abettor and with receiving stolen property):

2) Where the conviction involved identical crimes. *See, e.g., United States v. Gibson*, 11 M.J. 435 (C.M.A.1981) (Accused convicted of assault with intent to commit rape and attempted rape); and

3) Where one of the offenses was lesser included in the other. *See, e.g., United States v. Stegall*, 6 M.J. 176 (C.M.A.1979) (Assault and battery is included in the greater offense of striking a superior noncommissioned officer in the execution of his office).

■ Applying these principles to the case before us we conclude that absence without leave and willfully disobeying a lawful order are not multiplicious for findings. However, even though an accused is entitled to no relief from guilty findings as to multiple charges arising from the same transaction, he may deserve relief for sentencing. *United States v. Doss, supra.* We must look to the record for guidance. Here, the offenses occurred on two different dates. Further, the absence without leave offense was completed once the accused departed his organization without authority; it was not necessary that he leave Greece. Conversely, the gravamen of willfully disobeying a lawful order not to leave Greece without written authority is the accused's actual departure from the country. The facts required to prove one offense do not necessarily prove the other. We are aware that *United States v. Hawks*, 15 M.J. 316 (C.M.A.1983) (Appeals-Summary Dispositions) suggests a contrary result, but issues of multiplicity are invariably factual determinations. A similar issue disposed of by summary disposition does not lend itself to a factual comparison. We do not deem it our purpose to anticipate future holdings of the Court of Military Appeals; rather it is our role to apply the law as we understand it. In our view, willfully disobeying a lawful order and absence without leave are separate and distinct for punishment purposes. *See United States v. Doss, supra*, 15 M.J. at 415 (Cook, Judge, concurring in the result); *see United States v. Quarles*, 1 M.J. 231 (C.M.A.1975).

## II

■ Appellate defense counsel also contend that the convening authority took an action at variance with the staff judge advocate's recommendation without the explanation required by paragraph 85c, M.C.M., 1969 (Rev.), and *United States v. Keller*, 1 M.J. 159 (C.M.A.1975). We agree.

The post trial clemency evaluations portrayed the accused as an outstanding candidate for rehabilitation. These evaluations, with one exception, spoke of his potential for further military service in very favorable and glowing terms.[1] Additionally, the accused volunteered for the retraining program, and asked for "a second chance."

---

1. The officer who conducted the clemency evaluation, the commander, first sergeant, a senior noncommissioned officer supervisor and others all strongly recommended retraining for the accused. The lone dissenting vote was the confinement officer.

The staff judge advocate recommended that the 3320th CRS, Lowry Air Force Base, Colorado, be designated as the place of confinement. This statement is tantamount to recommending immediate entry into the retraining program. Air Force Manual 111–1 (C3) (2 July 1973), Military Justice Guide, para. 7–19d(3). The convening authority, however, directed that the accused be confined in a confinement facility to be designated by the Commander, 3320th CRS. The accused was never entered in the retraining program as the staff judge advocate recommended nor did the convening authority indicate in writing his reasons for taking an action different from that recommended. Para. 85c, M.C.M., *supra*.

The Government contends that the accused was not eligible for the retraining program because he had only 15 days remaining on his sentence after being given 96 days administrative credit. To be eligible for retraining an accused must have a minimum of 30 days confinement remaining.[2] Air Force Regulation 125–18 (1 February 1980), Operation of Air Force Correction and Detention Facilities, para. 5–8e [hereinafter cited as AFR 125–18]. Therefore, government counsel argue there was no reason for the convening authority to explain why he did not do what he could not do.

This assertion misses the mark. The purpose of the 3320th CRS is to provide certain airman sentenced to punitive discharges an additional chance to prove their worth to their service and country by affording them the opportunity to be returned to productive active duty assignments. AFR 125–18, para. 8–1; *United States v. Schmit,* 13 M.J. 934 (A.F.C.M.R.1982). It is apparent that virtually everyone thought the accused was deserving of an opportunity to continue his military career. The clemency evaluations and the staff judge advocate's review support this premise. It was error for the convening authority not to state in a letter to be attached to the record, his reasons for declining to accept the staff judge advocate's recommendation that the accused be entered in the retraining program.

 Since the accused is no longer in confinement, returning this record to the convening authority to include the required explanation would be a meaningless gesture. We will cure the error by reassessing the sentence. Having reassessed the sentence, we find appropriate only so much thereof as provides for confinement at hard labor for eight months, forfeiture of $350.00 per month for six months, and reduction to airman basic. The findings of guilty and the sentence, as modified, are

AFFIRMED.

HEMINGWAY, Senior Judge, and MILLER, Judge, concur.

---

**2.** We note, without comment, that the staff judge advocate's review was dated 15 December 1982; however, the convening authority did not take his action until 24 January 1983—a period of 41 days.