**UNITED STATES**

v.

**Airman First Class William R. DeHART, FR 229–08–1853, United States Air Force.**

**ACM 24248 (f recon).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 13 July 1983.

Decided 22 June 1984.

---

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Captain Timothy J. Malloy.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Brenda J. Hollis.

Before HODGSON, FORAY and O'HAIR, Appellate Military Judges.

## DECISION UPON FURTHER RECONSIDERATION

### HODGSON, Chief Judge:

Our decretal decision was released on 24 February 1984, and the case is again before us on a defense MOTION FOR RECONSIDERATION granted on 1 June 1984.

The accused was convicted of a single specification of drug abuse. The approved sentence extends to a bad conduct discharge, 12 months confinement at hard labor, forfeiture of $382.00 per month for 12 months and reduction to airman basic. Based upon the strong recommendations of the squadron commander, first sergeant, frontline supervisor and the military judge that the accused was an apt candidate for rehabilitation and retention, the convening authority directed that the accused be confined at the 3320th Correction and Rehabilitation Squadron, Lowry Air Force Base, Colorado. For reasons not explained in the record this was not accomplished, and the accused served his entire period of confinement at the Installation Detention Facility, Ft. George G. Meade, Maryland from where he was released on 20 April 1984, after receiving credit for good time.

Appellate government counsel characterize this clerical gaffe as an "inadvertent mishandling" of the accused's confinement status which deprived the individual of entry into the retraining program, but was of little moment because he appeared to be a poor rehabilitation candidate.

The assertion badly misses the mark. As we stated in *United States v. Shanahan*, 16 M.J. 654, 657 (A.F.C.M.R.1983):

> The purpose of the 3320th CRS is to provide certain airmen sentenced to punitive discharges an additional chance to prove their worth to their service and country by affording them the opportunity to be returned to productive active duty assignments.

Here virtually everyone connected with the case thought the accused was deserving of an opportunity to continue his military career. The failure of the government to insure that the accused was sent to the retraining squadron was error *. Since the accused is no longer in confinement we will cure this error by reassessing the sentence. *United States v. Hilt*, 18 M.J. 604 (A.F.C. M.R.1984); *accord United States v. Schmit*, 13 M.J. 934 (A.F.C.M.R.1982). Accordingly, we find appropriate only so much thereof as provides for confinement at hard labor for 12 months, forfeiture of $382.00 per month for 12 months and reduction to airman basic. The findings of guilty and the sentence, as modified, are

AFFIRMED.

FORAY, Senior Judge, and O'HAIR, Judge, concur.

*United States v. Hilt*, 18 M.J. 604 (A.F.C.M.R. 1984) (Accused kept in confinement 50 days beyond the end of his sentence).

---

* This is the second time in recent weeks that those charged with the administration of military justice have failed to insure that an accused's confinement is current and proper. *Cf.*