UNITED STATES

v.

**Airman Basic Jeffrey W. POWELL, FR 431–27–5009, United States Air Force.**

ACM S27292 (reh).

U.S. Air Force Court of Military Review.

Sentence Adjudged 6 July 1987.

Decided 14 Jan. 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Lieutenant Colonel Patrick C. Sweeney and Captain Henry J. Schweiter.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Captain Jeffrey H. Curtis and Major Mark C. Ramsey, USAFR.

Before SESSOMS, LEWIS and BLOMMERS Appellate Military Judges.

### DECISION UPON REHEARING

LEWIS, Judge:

This is the second time Airman Powell's case has been before us. At his original trial he was found guilty of forgery and attempted wrongful appropriation, despite his pleas of not guilty, and failure to repair, pursuant to a plea of guilty. By our opinion of 24 April 1987, we set aside the finding of guilty with respect to forgery and, by a split decision, upheld the finding of guilty with respect to attempted wrongful appropriation. The finding of guilty of failure to repair was not affected by our earlier decision and, accordingly, was affirmed. A rehearing on the sentence was authorized. *United States v. Powell,* 24 M.J. 603 (A.F.C.M.R.1987).

By the time of the rehearing, an additional charge had been referred. The additional charge involved specifications of indecent assault and communicating indecent language, both in violation of Article 134, U.C.M.J., 10 U.S.C. § 934. The appellant was found guilty of the additional charge and specifications contrary to his pleas of not guilty. His approved sentence consists of a bad conduct discharge, confinement for six months and forfeiture of $438.00 per month for six months. We have carefully examined three errors which appellate defense counsel have assigned by invitation for our consideration. We resolve these issues adversely to the appellant.

■ During the course of appellate review it was discovered that the appellant did not receive administrative credit for 50 days of confinement he served by virtue of the sentence approved following the first trial. *See* R.C.M. 1107(f)(5)(A). Through subsequent submissions appellate counsel for both parties agree that as a result thereof the appellant served 17 days of excessive confinement before the discovery of the error and his release. Appellate government counsel, citing *United States v. Worden,* 17 M.J. 887 (A.F.C.M.R.1984), *pet. denied,* 19 M.J. 40 (1984), argue that the appellant, if he is entitled to relief on account of this error, must seek it through appropriate administrative clemency channels, not from this Court. We do not agree that our holding in *Worden* is applicable to the case at hand. We may and we shall fashion an appropriate remedy when the record reveals that an accused has been improperly held in confinement past what should have been his release date. *United States v. Hilt,* 18 M.J. 604 (A.F.C.M.R. 1984). *See also, United States v. Suzuki,* 14 M.J. 491 (C.M.A.1983).

■ We have reviewed the facts surrounding the error in this case as reflected in the affidavits of the key participants in the trial and post-trial processes. Their perspectives are not without conflict. It does appear clear that there was a misunderstanding by the participants as to the basic rules applicable to the situation. R.C.M. 810(d)(1) provides that when a rehearing on sentence is combined with trial of new charges the maximum punishment includes the punishment which may be imposed for any of the new charges of which the accused is found guilty. However, this provision must be read in conjunction with R.C.M. 1107(f)(5)(A), which addresses sentence credit. The accused is entitled to "be credited with any kind or amount of the former sentence included within the new sentence that was served or executed before the time it was disapproved or set aside." The convening authority is required by the same rule to direct the appropriate credit in his action on the sentence. These provisions were not properly construed during the post-trial process in this case, nor was the problem discovered until well after the fact.

While we do not discern the type of "blunder warranting our sharpest criticism" which we found in *Hilt, supra,* we nonetheless find that some sentence relief is appropriate in this instance. Accordingly, we approve only so much of the sentence as provides for a bad conduct discharge, confinement for six months and forfeiture of $138.00 per month for six months. The findings of guilty and the sentence, as modified, are correct in law and fact and are

AFFIRMED.

Judge BLOMMERS concurs.

SESSOMS, Senior Judge (concurring in part and dissenting in part):

I disagree with the finding of guilty of attempted wrongful appropriation for the reasons stated in my previous dissent. *United States v. Powell,* 24 M.J. 603 (A.F. C.M.R.1987). However, I find the sentence, as modified, to be appropriate for the remaining offenses of which the appellant now stands convicted.