518

UNITED STATES, Appellee,

v.

Private E2 David J. KEITH, 563–67–8146,
United States Army, Appellant.

ACMR 9102880.

U.S. Army Court of Military Review.

9 Nov. 1992.

For Appellant: Captain Edward T. Keable, JAGC, Captain Alison L. Becker, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major Joseph C. Swetnam, JAGC, Major Donna L. Barlett, JAGC, Captain Richard O.I. Brown, JAGC.

Before CREAN, GONZALES, and DELL'ORTO, Appellate Military Judges.

OPINION OF THE COURT

GONZALES, Judge:

Pursuant to his pleas, the appellant was found guilty, by a military judge sitting as a general court-martial, on 16 December 1991, of wrongful use, possession, and distribution of hashish, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. V 1987). The military judge sentenced the appellant to a bad-conduct discharge, confinement for nine months, forfeiture of all pay and allowances, and reduction to Private E1. In compliance with the terms of a pretrial agreement, and in the exercise of his clemency powers, the convening authority reduced the period of confinement to three months, but otherwise approved the sentence.

■ The appellant asserts that he was held illegally in post-trial confinement for 61 days beyond the three months of confinement approved by the convening authority.[1] He urges this Court to reassess his sentence by disapproving his bad-conduct discharge.

The pretrial agreement between the appellant and the convening authority required the convening authority to disapprove any confinement adjudged in excess of six months. In his submission to the convening authority pursuant to Rule for Courts–Martial 1106,[2] the appellant's civilian defense counsel requested a further reduction in the sentence, due to the appellant's subsequent and unanticipated cooperation with the prosecution in a companion drug case. On 25 March 1992, the conven-

1. Arguably, the appellant served 76 days of illegal post-trial confinement. His minimum release date was 1 March 1992, based on credit he received for good conduct time on a sentence of three months' confinement. Army Reg. 633–30, Apprehension and Confinement: Military Sentences to Confinement, para. 13a (6 Nov. 1964).

2. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1106.

ing authority approved only three months of confinement. As of that date, the appellant had served 100 days of post-trial confinement. He remained in confinement for an additional 51 days until he was released on 15 May 1992.[3]

When the record reveals, as in this case, that an accused was improperly held in confinement past what should have been his release date, this Court may fashion an appropriate and meaningful remedy with respect to the remainder of the sentence. *United States v. Valead*, 32 M.J. 122 (C.M.A.1991); *United States v. Sales*, 22 M.J. 305 (C.M.A.1986); *United States v. Suzuki*, 20 M.J. 248 (C.M.A.1985); *United States v. Powell*, 25 M.J. 814 (A.F.C.M.R. 1988). Since the appellant has served his full confinement, the only means of giving him relief would be to modify some other portion of the sentence.

The appellant relies on *United States v. Hilt*, 18 M.J. 604 (A.F.C.M.R.1984), whose factual situation is very similar to that of the appellant's, for the relief he urges. The accused in *Hilt* was sentenced to a bad-conduct discharge, confinement for six months, and reduction to airman basic. A supervisory authority's action reduced the period of confinement to four months. However, as a result of an "administrative oversight," the accused served an additional 50 days' post-trial confinement beyond his minimum release date. On appeal, the Air Force Court of Military Review indicated that the failure of responsible individuals to ensure that the accused was released in accordance with the terms of the action was "a clerical blunder warranting our sharpest criticism," and disapproved the bad-conduct discharge.

*Hilt* appears to be the only one of a select few cases where the punitive discharge was set aside based on a determination of illegal post-trial confinement. Setting aside the bad-conduct discharge in that case was the only meaningful relief available to the court with respect to the remainder of the sentence. The accused had served all of his confinement and no forfeitures had been adjudged at his trial.

Other cases concerning excessive post-trial confinement have instead focused on forfeitures to provide a meaningful remedy. In another Air Force case that involved 17 days of illegal post-trial confinement, the court approved the bad-conduct discharge, but reduced the adjudged forfeitures from $438.00 pay per month for six months to $138.00 pay per month for six months. *Powell*, 25 M.J. at 815.

The Navy–Marine Corps Court of Military Review has also addressed this issue in several cases beginning with *United States v. Dugger*, 1 M.J. 1069 (N.C.M.R. 1976). After determining that there had been 30 days of illegal post-trial confinement, the court chose to approve the bad-conduct discharge, but set aside all of the adjudged forfeiture of $220.00 per month for two months. In the other cases, where the excessive post-trial confinement ranged from 8 to 33 days, the court likewise affirmed the punitive discharge, but modified the forfeitures. *See United States v. Williams*, 17 M.J. 893 (N.M.C.M.R.1984); *United States v. Finney*, 11 M.J. 718 (N.M.C.M.R.1981); *United States v. Hagler*, 7 M.J. 944 (N.C.M.R.1979); *United States v. Jacox*, 5 M.J. 537 (N.C.M.R.1978).

We find that the convening authority in the instant case failed to consider the number of days the appellant had served, to include credit for good time, when he took his action. From that moment, the sentence in this case was ripe for reassessment. Under these circumstances, the convening authority's action, in purporting to reduce the adjudged sentence, instead operated to increase the severity of the approved sentence. Due to the clear prejudicial nature of this careless oversight, the appellant is entitled to meaningful relief.

---

3. Apparently, officials at the Fort Sill, Oklahoma, Regional Confinement Facility believed that the appellant's period of confinement would be the same as provided by the pretrial agreement. On that basis, the appellant's maximum release date was 15 June 1992. Thirty days' credit for good conduct time on a sentence of six months' confinement gave the appellant a minimum release date of 15 May 1992.

In reassessing the approved sentence, we are convinced that the bad-conduct discharge is appropriate in light of the appellant's drug history while in the military. Eighteen months before his court-martial, the appellant received field-grade nonjudicial punishment for the wrongful use of marijuana. The appellant confirmed during his providence inquiry that between 1 May and 8 July 1991, he used, possessed, and distributed hashish in his barracks with or to other soldiers on at least five occasions. Disapproval of the bad-conduct discharge, in this case, would be a disproportionate response to the illegal confinement that subsequently occurred. Therefore, we hold that the most equitable and meaningful relief for the appellant is to set aside that portion of the sentence adjudging forfeitures.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, only so much of the sentence as provides for a bad-conduct discharge, confinement for three months, and reduction to Private E1 is affirmed.

Senior Judge CREAN and Judge DELL'ORTO concur.