UNITED STATES

v.

**Airman Basic Christopher M. CRAZE, United States Air Force.**

**ACM 34500.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 19 Jan. 2001.

Decided 5 March 2002.

Appellate Counsel for Appellant: Lieutenant Colonel Beverly B. Knott, Captain Shelly W. Schools.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Major Linette Romer, and Major Bryan T. Wheeler.

Before YOUNG, HATTRUP, and STUCKY, Appellate Military Judges.

## OPINION OF THE COURT

STUCKY, Judge:

Airman Basic Christopher Craze was convicted by a general court-martial composed of members of one specification of wrongful use of 3,4–methylenedioxymethamphetamine (ecstasy) on divers occasion, and one specification of wrongful use of lysergic acid diethylamide (LSD) on divers occasions, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The court members acquitted him of two specifications of wrongful distribution of ecstasy and LSD. He was sentenced to a bad-conduct discharge, 3 months' confinement, and forfeiture of all pay and allowances. The convening authority approved the findings and sentence as adjudged.

The appellant asserts two errors. First, he maintains that it was plain error for the military judge to admit in sentencing the record of two nonjudicial punishments imposed under Article 15, UCMJ, 10 U.S.C. § 815, and a subsequent vacation action related to one, because the records did not show that they were reviewed for legal sufficiency by a judge advocate, as required by Air Force Instruction (AFI) 51–202, *Nonjudicial Punishment* ¶ 11.2 (1 Oct 1996).[1] Second, the appellant states that the convening

---

1. The record of trial contains copies of the Article 15 records subsequently filed by appellate counsel for the government, which reflect timely legal review. However, there is no dispute that the copies proffered at trial did not so reflect.

authority erred in approving a sentence which included total forfeitures when he had completed his confinement by the date of the convening authority's action.

■ The admission of personnel records of the accused in the sentencing phase of a court-martial is governed by Rule for Courts Martial (R.C.M.) 1001(b)(2). That rule provides, "If the accused objects to a particular document as inaccurate or incomplete ... the matter shall be determined by the military judge. Objections not asserted are waived." In this case, it is undisputed that the documents admitted did not reflect the legal review required by AFI 51–201. However, the accused did not object to their admission. The failure to object waives the issue on appeal, absent plain error.

■ The standard of review for a military judge's admission of sentencing evidence is abuse of discretion. *United States v. Zakaria*, 38 M.J. 280 (C.M.A.1993). Plain error is more than a clearly erroneous action by the military judge; it must materially prejudice a substantial right of the accused. *United States v. Powell*, 49 M.J. 460 (1998). *See generally United States v. Boyd*, 52 M.J. 758 (A.F.Ct.Crim.App.2000). The appellant argues that the admission prejudiced him because the trial counsel relied on the documents as evidence of lack of rehabilitative potential in his sentencing argument, and that the punishment the appellant received was "harsh given his age." We do not agree.

Records of nonjudicial punishment are admissible during sentencing under regulations that the Secretary of the Air Force may establish. *See* R.C.M. 1001(b)(2). Such records are those that are "made or maintained in accordance with departmental regulations." *Id.;* AFI 51–201, *Administration of Military Justice* ¶ 8.51 (2 Nov 1999). Records of nonjudicial punishment are not "maintained" in Air Force records until the record is final, which requires a legal sufficiency review. *See* AFI 51–202 ¶ 11.2.

■ The first part of the plain error analysis requires that we find error. In this

case, without opposition from the appellant, we granted the appellee's motion to admit copies of the nonjudicial punishment and vacation actions, which clearly established that they had been reviewed and found to be legally sufficient well before trial. Under the circumstances, we conclude the military judge did not err by admitting these documents. This further explains why there was no defense objection at trial. The defense counsel was probably well aware that a legal sufficiency review had been performed and saw no reason to object to documents the prosecution could perfect with little effort. Even if the military judge erred by not sua sponte excluding these exhibits, the appellant can show no prejudice. If the military judge had ruled that he would not admit the documents without some showing they had been reviewed for legal sufficiency, the prosecution could have submitted copies of the documents that demonstrated a legal review had been done.

The second assignment of error is that the convening authority erred in approving a sentence which contained total forfeitures of pay and allowances when the appellant was no longer in confinement. The convening authority approved the sentence on 20 April 2001, by which date the appellant had completed his adjudged confinement. The forfeitures approved were deferred pursuant to Articles 57(a)(2) and 58b(b), UCMJ, 10 U.S.C. §§ 857(a)(2), 858b(b), from 31 January 2001 until the date of the action. Citing the discussion to R.C.M. 1107(d)(2), and *United States v. Jacobson*[2], 1999 WL 167132 (A.F.Ct. Crim.App.1999), the appellant argues that it "was illegal for the convening authority to approve anything greater than two-thirds forfeiture of pay" and asks us to affirm only so much of the forfeitures as provides for forfeiture of two-thirds pay per month for three months. The government concedes this error and joins in the appellant's request. We disagree.

"When an accused is not serving confinement, the accused should not be deprived of more than two-thirds pay for any month as a

---

2. The appellant cites this case from LEXIS. As he appropriately notes, it does not appear as a published case in the Military Justice Reporter.

Our research discloses that this Court never approved publication of that opinion.

result of one or more sentences by court-martial and other stoppages or involuntary deductions, unless requested by the accused." R.C.M. 1107(d)(2), Discussion. It is not settled whether this provision "refers only to someone who has *never* been sentenced to confinement, or instead, also includes an accused who has been sentenced to confinement but has completed that portion of his sentence." *United States v. Warner,* 25 M.J. 64, 66 n. 2 (C.M.A.1987) (accused not sentenced to confinement). In any event, whether an accused is deprived of pay, and how much, is not simply a matter of the action taken by the convening authority. It is also a finance matter subject to the Department of Defense Financial Management Regulation (DoDFMR). The appellant has not demonstrated that he was deprived of more than two-thirds pay for any month during which he was not in confinement. Without his doing so, the case is not ripe for our review because there is no case or controversy for this Court to decide.

We may not hold a sentence "incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused." Article 59(a), UCMJ, 10 U.S.C. § 859(a). Without a showing that he did not receive the pay to which he was entitled, the appellant cannot convince us that his substantial rights were prejudiced.

Even if the appellant had established the applicability of R.C.M. 1107(d)(2) and the ripeness of his claim, he would still not be entitled to the relief he seeks—disapproval of all forfeitures in excess of forfeiture of two-thirds pay per month for three months. We believe a convening authority could approve forfeiture of all pay and allowances from the date of his post-trial confinement until the date of release and, after his release, "forfeiture of two-thirds pay as E–1 per month until the discharge is executed." *See Warner,* 25 M.J. at 67. *See also United States v. York,* 53 M.J. 553, 554–55 (A.F.Ct.Crim.App. 2000).

We note that the court-martial order incorrectly states the sentence adjudged. The court's sentence, which the convening authority approved, included forfeiture of all pay *and allowances.* The record will be returned to The Judge Advocate General for correction of the order. The case need not be returned to this Court.

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866; *United States v. Turner,* 25 M.J. 324, 325 (C.M.A.1987). Accordingly, the approved findings and sentence are AFFIRMED.