UNITED STATES

v.

**Airman Gabriel N. SHERMAN,**
**United States Air Force.**

**ACM 34367.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 17 Oct. 2000.

Decided 31 May 2002.

Appellate Counsel for Appellant: Colonel Beverly B. Knott and Captain Kyle R. Jacobson.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Lance B. Sigmon, and Major Cheryl D. Lewis.

Before BURD, Senior Judge, HEAD, and ROBERTS, Appellate Military Judges.

OPINION OF THE COURT

BURD, Senior Judge:

On 17 October 2000, the appellant was tried by general court-martial composed of a military judge sitting alone at Keesler Air Force Base (AFB), Mississippi. Consistent with his pleas, he was found guilty of distribution and use, both on divers occasions, of methylenedioxymethamphetamine (ecstasy), in violation of Article 112a, UCMJ, 10 U.S.C. § 912a, and willfully disobeying and being disrespectful in deportment toward a superior noncommissioned officer, in violation of Article 91, UCMJ, 10 U.S.C. § 891. The military judge sentenced the appellant to a bad-conduct discharge, confinement for 15 months, forfeiture of all pay and allowances, and reduction to E–1. To conform to the terms of a pretrial agreement (PTA), the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for 12 months, forfeiture of all pay and allowances, and reduction to E–1.

The appellant now claims he is entitled to credit for time he spent in civilian confinement for one of the offenses for which he was tried at his court-martial. The appellee concedes the appellant is entitled to 5 days' credit for the time he spent in civilian confinement applied against his approved sentence to confinement. The appellant asks for 10 days' credit because the government failed at several stages in the proceedings to properly credit the appellant for the time he served in civilian confinement prior to his court-martial.

We note that the record does not support the contention of the appellant that he spent time in civilian confinement for distribution

of ecstasy. The appellant was arrested by civilian police in Biloxi, Mississippi. The narrative form for the arrest indicates the appellant was arrested for possession of a controlled substance.[1] The appellant was not charged at his court-martial with possession of any controlled substance.

The circumstances leading to the appellant's arrest by civilian police must be considered for resolution of the issue presented. Late on 24 March 2000, the appellant and two other airmen went to a "strip club" in Biloxi called "The Lady Horseshoe." They had previously ingested ecstasy pills supplied, at least in part, by the appellant. Two other airmen joined them at the club. While there, the appellant provided one of the airmen another ecstasy pill for his consumption. One of the dancers, Robbie, approached the appellant and asked him for some ecstasy. The appellant gave Robbie a pill of ecstasy. Unfortunately for Robbie and the appellant, she had an adverse reaction to the ecstasy. Another dancer, Margret, extrapolated that Robbie had overdosed and decided to take her to a hospital. On the way, Margret flagged down Biloxi police officers and told them what had happened to Robbie. Margret also gave the officers a description of the appellant and said that he had been dealing drugs at the club for the past three or four weeks. The officers went to the club and with the aid of the club manager identified the appellant. While escorting the appellant out of the club, one of the officers observed him place a clear plastic bag into his mouth. The officers restrained the appellant and convinced him to spit the bag out of his mouth. The bag contained several pills which, after later testing, were confirmed to be ecstasy. After obtaining the bag, the officers arrested the appellant for possession of a controlled substance. The appellant remained in civilian custody for 5 days. Ultimately, the civilian authorities elected to not prosecute the appellant.

Our superior court recognized in *United States v. Allen*, 17 M.J. 126 (C.M.A.1984), that by operation of a Department of Defense Instruction,[2] sentence computation for courts-martial would use the same method as used by the Justice Department for non-military federal prisoners, i.e., a person confined as a result of a sentence "shall be allowed credit toward the service of his sentence for any days spent in custody **in connection with the offense or acts for which sentence was imposed**." *Allen*, 17 M.J. at 128 (quoting 28 C.F.R. § 2.10(a) (1980)) (emphasis added). *See United States v. Smith*, 56 M.J. 271 (2002).

Since 1994, computation of federal sentences to confinement has been governed by 18 U.S.C. § 3585(b).[3] *See United States v. Murray*, 43 M.J. 507, 513–15 (A.F.Ct.Crim.App.1995). This Section provides:

(b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

We have recognized that pretrial confinement credit extends to such confinement imposed by state officials. *Murray*, 43 M.J. at 514. Our Coast Guard and Navy colleagues have also adopted this practice. *United States v. Tardif*, 54 M.J. 954 (C.G.Ct.Crim.App.2001); *United States v. Chaney*, 53 M.J. 621 (N.M.Ct.Crim.App.2000). *See also United States v. Pinson*, 54 M.J. 692, 694–95

---

1. This document was made a part of the record by our granting of the appellant's motion to submit documents.

2. Department of Defense Instruction (DODI) 1325.4, *Treatment of Military Prisoners and Administration of Military Correction Facilities* (7 Oct 1968), *superseded by* Department of Defense Directive (DODD) 1325.4, *Confinement of Military Prisoners and Administration of Military Correctional Programs and Facilities* (19 May 1988). Later revised and then reissued as DODI 1325.7 (17 Jul 2001). *See United States v. Smith*, 56 M.J. 290 (2002).

3. This is the successor statute to 18 U.S.C. § 3568, which was in effect when *Allen* was decided.

(A.F.Ct.Crim.App.2001) (credit must be given for pretrial confinement served at the hands of a foreign government if the requirements of 18 U.S.C. § 3585(b) otherwise met).

In this case, as we noted, the appellant was arrested for possession of a controlled substance. The appellant's sentence was imposed for four offenses, including distribution of ecstasy on divers occasions. One of those occasions was his distribution to the dancer, Robbie, in the early morning hours of 25 March, which preceded his arrest for possession. Given the circumstances in this case, we conclude the appellant was eligible for 5 days' credit under 18 U.S.C. § 3585(b)(2).

The appellant is correct that the government had several opportunities to note that the appellant had served 5 days' pretrial confinement in civilian confinement. This information was not included on the charge sheet, the personal data sheet, the report of result of trial, or in the recommendation of the staff judge advocate. *See* Rule for Courts–Martial (R.C.M.) 1001(b)(1), 1106(d)(3)(D), and 1107(d)(2) Discussion; Air Force Instruction (AFI) 51–201, *Administration of Military Justice*, ¶ 9.2.2 (3 Oct 1997).

During the trial, the appellant referred briefly to his civilian confinement in his unsworn statement. His trial defense counsel mentioned the civilian confinement in his request for clemency to the convening authority, but never raised any concern about the entries in the documents that indicated there was no pretrial restraint.

The appellant completed his sentence to confinement before his assignment of errors was filed and apparently without him ever raising the issue to the confinement authorities. The appellant was incarcerated for 5 days longer than he should have been because of the failure to apply the credit for pretrial confinement. While we will not dwell on placing fault, it is apparent that responsibility for this deficiency is shared by all of the legal personnel who participated in the appellant's court-martial.[4]

■ "[S]ince any confinement is the deprivation of personal freedom for a specified period, it is axiomatic that a confined person should be released once the confinement has been served." *United States v. Mansfield*, 33 M.J. 972, 995 (A.F.C.M.R.1991) (citing *United States v. Hilt*, 18 M.J. 604 (A.F.C.M.R.1984)). We have said that where an accused is held in confinement beyond the required release date, the accused merits meaningful relief with respect to the remainder of the sentence. *Hilt*, 18 M.J. at 604 (citing *United States v. Suzuki*, 14 M.J. 491 (C.M.A.1983)). *See United States v. Weber*, 56 M.J. 736, 738 (C.G.Ct.Crim.App.2002) (citing *United States v. Keith*, 36 M.J. 518, 519 (A.C.M.R.1992)).

■ Our superior court has endorsed the use of the punishment equivalencies in Rule for Courts–Martial (R.C.M.) 305(k) to fashion remedies in cases where an accused has served excess confinement. *United States v. Gazurian*, 46 M.J. 299 (1997) (mem.). *Cf. United States v. Rosendahl*, 53 M.J. 344, 347–48 (2000) (R.C.M. 305(k) equivalencies should govern application of credits for punishment imposed at earlier court-martial to address former-jeopardy concerns). *But cf. United States v. Smith*, 56 M.J. 290 (A.F.Ct. Crim.App.2002) (R.C.M. 305(k) does not operate to give pretrial confinement credit to persons not sentenced to confinement).

In addition to compensation for the served excess confinement, an appellant should be restored any benefits denied as a result of the excess confinement. Analysis of the action of the convening authority will reveal what is necessary. For example, in a case where there is no approved punitive discharge or forfeiture of pay, an accused would ordinarily be returned to duty and entitled to full pay upon release from confinement. Thus, in this example, restoration of pay for any period of served excess confinement would be appropriate in addition to compensation for that period of excess confinement. As another example, in a case where total forfeitures have been approved and the accused is returned to duty after serving confinement, the restoration would be, at least, one-third pay for the period of served excess confinement. *See* R.C.M. 1107(d)(2) Discussion; *United States v. Warner*, 25 M.J. 64, 66

---

4. We decline to apply waiver because of the     shared responsibility.

(C.M.A.1987); *United States v. Craze,* 56 M.J. 777, 778–79 (A.F.Ct.Crim.App.2002). *See also United States v. York,* 53 M.J. 553 (A.F.Ct.Crim.App.2000).

In the appellant's case, there is nothing to restore because the appellant was directed in the convening authority's action to take appellate leave upon completing confinement. Thus in the appellant's case, he was not entitled to pay after serving his confinement because of his required leave status.

Using the equivalencies in R.C.M. 305(k), the appellant is entitled to 5 days' pay to compensate him for the 5 days he improperly spent in confinement. The rate of pay should be at the grade held by the appellant at the time of the served excess confinement, i.e., E–1. Therefore, we order that the appellant receive an amount equal to 5 days' of E–1 pay to compensate for the additional confinement he served.

The approved findings of guilty and the sentence are correct in law and fact. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Turner,* 25 M.J. 324, 325 (C.M.A. 1987). The approved findings of guilty and the sentence are

AFFIRMED.