**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman JAYSON G. TEIXEIRALIMA**
**United States Air Force**

**ACM S32313**

**14 March 2016**

Sentence adjudged 31 March 2015 by SPCM convened at Hill Air Force Base, Utah. Military Judge: Wendy L. Sherman (sitting alone).

Approved sentence: Bad-conduct discharge, confinement for 30 days, and reduction to E-1.

Appellate Counsel for Appellant: Captain Michael A. Schrama.

Appellate Counsel for the United States: Captain J. Ronald Steelman III and Gerald R. Bruce, Esquire.

Before

MITCHELL, SANTORO, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

SANTORO, Judge:

A military judge sitting as a special court-martial convicted Appellant, consistent with his plea, of use of methamphetamine in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 60 days, and reduction to E-1. Pursuant to a pretrial agreement, the convening authority reduced the confinement to 30 days but otherwise approved the adjudged sentence and directed that Appellant's mandatory forfeitures be redirected to his spouse pursuant to Article 58b, UCMJ, 10 U.S.C. § 858b. Appellant presents one issue for our consideration: that he was held in illegal post-trial confinement for two days.

*Post-Trial Confinement*

Appellant was sentenced and placed into post-trial confinement in a civilian confinement facility on 31 March 2015. He was released on 27 April 2015. However, based upon the "good conduct" time computation rules found in Department of Defense Instruction (DoDI) 1325.07, *Administration of Military Correctional Facilities and Clemency and Parole Authority*, Appendix 3 to Enclosure 2 at ¶ 3 (11 March 2013), Appellant should have been released on 25 April 2015, two days before his actual release.

The Government agrees that Appellant was unlawfully confined for two days and further agrees that relief is warranted. Appellant asks that we not affirm the approved reduction in grade; the Government asks that we reduce the approved confinement from 30 to 28 days.

Because Appellant was improperly held in confinement past what should have been his release date, this court may fashion an appropriate and meaningful remedy with respect to the remainder of the sentence. *See United States v. Valead*, 32 M.J. 122, 125 (C.M.A. 1991); *United States v. Suzuki*, 20 M.J. 248, 248–50 (C.M.A. 1985); *United States v. Powell*, 25 M.J. 814, 815 (A.F.C.M.R. 1988). We determine the appropriate remedy is to grant the relief Appellant seeks and reassess the sentence in the decretal paragraph.

*Conclusion*

The findings are correct in law and fact. Reassessing the sentence on the basis of the error noted, only so much of the sentence as provides for a bad-conduct discharge and confinement for 30 days is affirmed. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence, as reassessed, are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court