**UNITED STATES, Appellee,**

v.

**Private E2 Earl M. PHELPS III, 544–80–0575, United States Army, Appellant.**

**ACMR 9301734.**

U.S. Army Court of Military Review.

26 July 1994.

For Appellant: Major Robin L. Hall, JAGC, Captain Martin L. Sims, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Major Kenneth T. Grant, JAGC, Captain John W. O'Brien, JAGC (on brief).

Before CREAN, CAIRNS, and GONZALES, Appellate Military Judges.

OPINION OF THE COURT

PER CURIAM:

Pursuant to his pleas, the appellant was found guilty by a military judge sitting as a general court-martial of absence without leave, missing movement, and eleven specifications of making and uttering worthless checks in violation of Articles 86, 87, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 887, and 934 (1988). The appellant was sentenced to a bad-conduct discharge, confinement for five months, forfeiture of $400.00 pay per month for five months, and

reduction to Private E1. In the exercise of his clemency powers, the convening authority gave the appellant 42 days' credit for pretrial restriction tantamount to confinement and reduced the period of confinement to 112 days, but otherwise approved the sentence as adjudged.

Before this court the appellant asserts that he was held in illegal post-trial confinement for at least three days and should receive meaningful relief from this court. He further contends that the military judge erred to his substantial prejudice when he failed to advise the appellant that he could request withdrawal of his pleas of guilty any time prior to the announcement of the sentence. We agree with only the first assignment of error.

The appellant was tried and sentenced on 27 September 1993. The convening authority took his action on 29 December 1993. The appellant alleges, that with credit for good conduct time, he should have been released from confinement no later than 2 January 1994. Instead, he was released on 5 January 1994.

■ The government acknowledges that the appellant's minimum release date, based on the approved sentence, was 31 December 1993. The confinement facility at Fort Lewis, Washington, was notified of the convening authority's action by facsimile on 4 January 1994. Officials at the confinement facility took immediate action to release the appellant the following day. The government contends that the appellant was not prejudiced by the late release from confinement, because good conduct time credit is a privilege and not a right.

We find that the appellant's maximum release date from confinement based on his approved sentence was 18 January 1994. We also find that the appellant accrued a credit of 18 days for good conduct time, giving him a minimum release date of 31 December

1993.[1] Accordingly, we further find that the appellant was held in illegal post-trial confinement for six days from 31 December 1993 to 5 January 1994, not three days as he contends.

The staff judge advocate is responsible for ensuring that the commander of the confinement facility holding a sentenced prisoner is notified within 24 hours of the convening authority's action.[2] The required notification did not occur in this case until six days later. Had this 24–hour requirement been met, the appellant could have been released on his minimum release date.[3]

The staff judge advocate must also be aware of the consequences that the convening authority's approval of a reduced period of confinement has on a prisoner's minimum release date. In this case, the approved period of confinement adjusted the appellant's minimum release date from 18 January 1994 to 31 December 1993. When the convening authority took action on 29 December 1993, it became imperative for the staff judge advocate to notify the confinement facility so that the appellant would not spend any time in confinement beyond his minimum release date.

■ Incidents of poor administration reflect adversely on the United States Army and the military justice system. *United States v. Yarbrough*, 36 M.J. 1071, 1075 (A.C.M.R.1993) (Crean, S.J., concurring). This court may fashion an appropriate and meaningful remedy with respect to the remainder of the sentence when the record indicates that a sentenced prisoner was improperly held in confinement past what should have been his release date. *United States v. Keith*, 36 M.J. 518, 519 (A.C.M.R. 1992). In *Keith*, we disapproved the forfeiture of all pay and allowances. We find that the careless administrative oversight to timely notify the confinement facility of the convening authority's action was prejudicial to

1. Army Reg. 633–30, Apprehension and Confinement: Military Sentences to Confinement, para. 13 (6 Nov. 1964).

2. Army Reg. 27–10, Legal Services: Military Justice, para. 5–27c (22 Dec. 1989).

3. Although it is customary for Army units to implement a half-day work schedule during the Christmas holiday season, there is no excuse for not complying with the simple 24–hour notification procedure. We note that both 29 and 30 December 1993, were work days.

the appellant.[4] Accordingly, we hold that the most equitable and meaningful relief for the appellant is to disapprove that portion of the approved sentence adjudging forfeitures.

The appellant's second assignment of error was resolved against him by *United States v. Silver*, 35 M.J. 834, 836 (A.C.M.R.1992), *pet. granted*, 38 M.J. 225 (C.M.A.1993).

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and considering *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for 112 days, and reduction to Private E1.

---

**4.** Another careless administrative error occurred with respect to the appellant's social security number (SSN). The error first appeared in block 2 of the charge sheet. The wrong SSN was subsequently typed on the front cover of the record of trial, the judge's authentication sheet, the court-martial data sheet, the staff judge advocate's recommendation and addendum, the convening authority's action, and the court-martial order. We will issue a court-martial order correcting certificate in conjunction with this opinion.