**UNITED STATES, Appellee,**

v.

**Specialist Thomas J. NICHOLAS II, United States Army, Appellant.**

**ARMY 9801347.**

U.S. Army Court of Criminal Appeals.

22 May 2000.

For Appellant: Major Scott R. Morris, JA; Major Jonathan F. Potter, JA; Captain Daniel E. Goldman, JA (on brief); Colonel Adele H. Odegard, JA; Captain David S. Hurt, JA.

For Appellee: Colonel Russell S. Estey, JA; Lieutenant Colonel Eugene R. Milhizer, JA; Captain Katherine M. Kane, JA (on brief).

Before TOOMEY, CARTER, and NOVAK, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of wrongful disposal of military property and larceny of military property, in violation of Articles 108 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 908 and 921 [hereinafter UCMJ]. The military judge sentenced the appellant to a bad-conduct discharge, confinement for nine months, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority complied with a pretrial agreement

and exercised his clemency powers by approving only so much of the sentence as provided for a bad-conduct discharge, confinement for four months, forfeiture of all pay and allowances, and reduction to Private E1. This case is before the court for automatic review under Article 66, UCMJ, 10 U.S.C. § 866.

The appellant asserts, inter alia, that we should reassess the approved sentence and disapprove forfeitures and the bad-conduct discharge, because he was imprisoned for eighty days beyond his minimum release date. We agree that sentence relief is warranted under the circumstances of the appellant's confinement.

The appellant was tried on 16 September 1998 and transferred to the Mannheim Confinement Facility to begin serving his sentence to confinement. The confinement portion of his adjudged sentence was nine months, but the convening authority agreed in a pretrial agreement to approve no more than eight months of confinement. On 23 November 1998, the appellant submitted a post-trial petition for clemency, enclosing his and his family's pleas that he be released to spend the Christmas holidays at home. A letter from the Senior Food Operations Sergeant at the Mannheim Confinement Facility attested to the appellant's contributions to the prison's food services, including volunteering for extra duties.[1]

The staff judge advocate (SJA) presented the appellant's clemency petition to the convening authority on 16 December 1998. The convening authority granted clemency· and approved only four months' confinement, making the appellant's maximum release date 16 January 1999. The convening authority's action was distributed to the Mannheim Confinement Facility, from which the appellant had apparently just been transferred. Based on the favorable prison report, both the confinement facility and the SJA office should have realized that the appellant had most likely been earning good conduct time and extra work credit at the maximum rate, and that his minimum release date was imminent.[2] *See United States v. Phelps*, 40 M.J. 550, 551 (A.C.M.R.1994) (SJA "must also be aware of the consequences that the convening authority's approval of a reduced period of confinement has on a prisoner's minimum release date"). Unfortunately, neither the prison facility, the SJA office, nor the appellant's unit followed up on the appellant's confinement status.[3] The appellant was released only after he successfully telephoned his trial defense counsel on 17 March 1999 from the Naval Consolidated Brig in Charleston, South Carolina, to inquire about action on his clemency petition. On appeal, the appellant claims, and the government does not contest, that he ultimately served eighty days in excess of his minimum release date.

As we noted in *Phelps*, "[i]ncidents of poor administration reflect adversely on the United States Army and the military justice system." 40 M.J. at 551 (citing *United States v. Yarbrough*, 36 M.J. 1071, 1075 (A.C.M.R. 1993) (Crean, S.J., concurring)). In the appellant's case, the convening authority's act of clemency would have released the appel-

1. The appellant's military occupational specialty was 92G, Food Service Specialist.

2. In fact, the parties may have been trying to avoid the situation in *United States v. Collins*, 44 M.J. 830 (Army Ct.Crim.App.1996), when the convening authority's clemency action, combined with the appellant's good time, resulted in the appellant's serving excess confinement and thereby attempting to claim additional relief.

3. Although we deplore the parties' failure to release the appellant pursuant to the convening authority's action, we deem it unnecessary to determine who was at fault for the lapse in communication in this case. Allied documents in the record of trial show that the appellant was reassigned to the processing company of the Fort Knox Regional Confinement Facility, with con-

finement at the Charleston Naval Brig, with a reporting date of on or about 16 December 1998, the date of action. Thus, the SJA may have thought he complied with the requirement that "[w]ithin 24 hours of convening authority action ... [he] notify the confinement facility in which the accused is or will be confined." Army Reg. 27–10, Legal Services: Military Justice, para. 5–28c (24 June 1996). The Mannheim prison procedures may require forwarding all documents to the Army facility, in this case Fort Knox, and a lapse may have occurred there. Ultimately, however, it is the staff judge advocate's responsibility to ensure that the convening authority's action in a court-martial is executed in a timely manner.

**658**

lant to his family for the holidays, as he requested, provided he continued his good behavior in prison. But instead of a joyful family reunion, the administrative oversights in effecting the court-martial action resulted in an unfortunate embarrassment to the SJA office and prison officials.

 When an appellant is held in confinement past what should have been his release date, this court may fashion an appropriate remedy. *See United States v. Keith*, 36 M.J. 518, 519 (A.C.M.R.1992). In *Phelps* and *Keith*, we did not affirm the forfeiture of all pay and allowances, the same remedy the appellant seeks. Those cases involved considerably shorter periods of excess confinement, however. In addition, the appellant's release date was readily foreseeable and any excess confinement could easily have been prevented. Given the circumstances of the appellant's retention in prison and the egregious length of the delay in this case, and considering the effect of Article 58b, UCMJ, 10 U.S.C. § 858b, we will not affirm any confinement or forfeitures, to ensure adequate sentence relief to this appellant.[4] *See* Department of Defense Financial Management Regulation, DOD 7000.14–R, Volume 7A, Military Pay Policy and Procedures Active Duty and Reserve Pay, para. 480306 (Feb. 2000).

The remaining assertion of error is without merit. *See generally United States v. Miller*, 46 M.J. 248 (1997); *United States v. Phillips*, 42 M.J. 346, 348–49 (1995).

The findings of guilty are affirmed. After considering the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge and reduction to Private E1.

---

4. In reassessing the approved sentence, we are convinced that the bad-conduct discharge and reduction are appropriate for the appellant's theft and disposal of night vision goggles in Camp Demi, Bosnia–Herzegovina. Setting aside the bad-conduct discharge would provide the appellant a disproportionate and unnecessary windfall where other portions of his sentence can be set aside to provide an adequate remedy for the illegal confinement that occurred after his court-martial. *See United States v. Valead*, 32 M.J. 122, 128 (C.M.A.1991) (Everett, S.J., concurring in the result).