**UNITED STATES, Appellee,**

v.

**Specialist Nicholas N. HAMMOND, United States Army, Appellant.**

**ARMY 20010710.**

U.S. Army Court of Criminal Appeals.

25 July 2005.

For Appellant: Colonel Mark Cremin, JA; Lieutenant Colonel Mark Tellitocci, JA; Captain Doug Choi, JA; Captain Amy S. Fitzgibbons, JA (on brief).

For Appellee: Colonel Steven T. Salata, JA; Lieutenant Colonel Mark L. Johnson, JA; Major William J. Nelson, JA (on brief).

Before HARVEY, Senior Judge, BARTO, and SCHENCK, Appellate Military Judges.

OPINION OF THE COURT
ON REMAND

SCHENCK, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of aggravated assault with intentional infliction of grievous bodily harm, assault consummated by a battery, and leaving the scene of a collision, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a dishonorable discharge, confinement for four years and 134 days, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority ordered 134 days of confinement credit.[1] In our decision dated 29 June 2004,

---

1. Appellant also received "good time" credit based upon the Department of Defense policy that a prisoner who receives a court-martial sentence to confinement of at least three years, but less than five years, will be credited with seven days of confinement credit for each month of good conduct during the sentence. *See* Dep't of Def. Instr. 1325.7, Administration of Military Correctional Facilities and Clemency and Parole Authority, paras. 6.3.2. and E26.1.1.3. (17 July 2001) (incorporating Change 1 dated 10 June 2003), http:// www.dtic.mil/whs/directives/corres/pdf/i13257_071701/i13257p.pdf; Dep't of Def. Sentence Computation Manual 1325.7–M,

we discussed seven issues and affirmed the findings of guilty. We otherwise affirmed the sentence, but reduced "appellant's confinement by thirty days to moot appellant's claim of prejudice resulting from the staff judge advocate's (SJA's) misstatement of the maximum possible sentence in his post-trial recommendation (SJAR) to the convening authority." *United States v. Hammond*, 60 M.J. 512, 514 (Army Ct.Crim.App.2004). Today we reaffirm our previous decision. However, we now order that appellant receive thirty days of pay and allowances because the government failed to comply with our previous order requiring release of appellant from confinement. *See id.* at 514, 520.

On 12 July 2004, appellant received a copy of this court's original decision. On 19 July 2004, appellant filed a petition to the United States Court of Appeals for the Armed Forces for grant of review. On 14 September 2004, appellant completed his sentence to confinement and was released from confinement. On 8 October 2004, appellate defense counsel requested that the United States Court of Appeals for the Armed Forces remand this case to our court for an appropriate remedy because the confinement facility failed to reduce appellant's confinement by thirty days as ordered in our 29 June 2004 decision. On 10 January 2005, the United States Court of Appeals for the Armed Forces granted review of the following modified issue:

> WHETHER APPELLANT WAS SUBJECT TO ILLEGAL POST–TRIAL CONFINEMENT IF, IN CONTRAVENTION OF THE DECISION OF THE ARMY COURT OF CRIMINAL APPEALS, HE WAS NOT CREDITED WITH THIRTY DAYS OF CONFINEMENT CREDIT.

*United States v. Hammond*, 60 M.J. 457 (C.A.A.F.2005).

The United States Court of Appeals for the Armed Forces affirmed the findings of guilty, reversed the sentence, and remanded appellant's case to this court "for consider-

ation of the granted issue," and "to determine whether relief is warranted as to sentence, and if so, what relief should be granted." *Id.* The case is again before this court for review under Article 66, UCMJ, 10 U.S.C. § 866.

Appellate counsel agree that appellant remained in confinement longer than he should have because he did not receive the thirty-day reduction in his sentence to confinement previously ordered by this court. Post-trial affidavits established that a copy of our decision was served upon appellant; however, the leadership at the confinement facility did not receive a copy of our court's decision in a timely fashion. Remedial action in the processing of appellate decisions at the confinement facility has been taken so that this mistake will not recur.

We agree with appellate counsel that appellant was subjected to illegal post-trial confinement. Appellate counsel, however, do not agree on an appropriate remedy. Appellate defense counsel urge this court to set aside appellant's dishonorable discharge, or, in the alternative, to upgrade it to a bad-conduct discharge. Appellate government counsel ask us to disapprove two months of appellant's already-served confinement, "which would allow appellant to collect financial remuneration from other [forums] pursuant to Article 75, UCMJ." We are reluctant to change the character of appellant's discharge[2] from a dishonorable to a bad-conduct discharge because the facts and circumstances of the offenses clearly warrant a dishonorable discharge. However, "[w]hen an appellant is held in confinement past what should have been his release date, this court may fashion an appropriate remedy." *United States v. Nicholas*, 53 M.J. 656, 658 (Army Ct.Crim.App.2000) (citing *United States v. Keith*, 36 M.J. 518, 519 (A.C.M.R.1992)); *see also United States v. Phelps*, 40 M.J. 550 (A.C.M.R.1994).

---

paras. C1.2.2. and C2.9.1. (27 July 2004), http://www.dtic.mil/whs/directives/corres/pdf/13257m_072704/p13257m.pdf; Army Reg. 633–30, Apprehensions and Confinement: Military Sentences to Confinement, para. 13c. (28 Feb. 1989).

**2.** A punitive discharge is "qualitatively different" from forfeiture and confinement credits. *United States v. Rosendahl*, 53 M.J. 344, 347–48 (C.A.A.F.2000).

Appellate government counsel support a grant of meaningful relief for appellant. They assert that reducing appellant's sentence to confinement by two months will allow appellant to financially benefit from a restoration of pay under Article 75(a), UCMJ, 10 U.S.C. § 875(a). Appellate government counsel explain:

> While there are no provisions discussing how to calculate the appropriate amount of financial compensation for a period of confinement which has been set aside, there is no reason to believe that the Defense Finance and Accounting Service (DFAS) would not respect the decision of this Court in determining an appropriate remedy in accordance with Article 75, UCMJ,[3] and paragraph 480901 of the [Department of Defense Financial Management Regulation (DoDFMR) ].[4]

Brief for Appellee 4–5.

Four factors suggest that DFAS may be unable to provide the relief contained in the government's proposed remedy, i.e., "financial remuneration" resulting from a reduction in appellant's already-served period of confinement. First, appellant was past his expi- ration of term of service date [5] prior to trial. Appellant was placed into pretrial confinement on 12 April 2001. On 3 June 2001, while appellant was in pretrial confinement, his term of service expired. The Defense Finance and Accounting Service stopped appellant's pay and allowances on his ETS date. A servicemember is not entitled to receive pay and allowances while in confinement and past his or her ETS date, unless he or she is returned to duty status.[6] Appellate counsel "agree that, under the applicable finance regulation, DFAS had no duty to pay appellant after his ETS date." Hammond, 60 M.J. at 514. Furthermore, the record lacks any indication that appellant was returned to duty status after his trial. Therefore, adjudged and automatic forfeitures would not have been collected after their execution because after appellant's ETS date he was not due any pay and allowances against which the forfeitures could operate.[7] We doubt appellant would be entitled to a return of forfeitures not collected after his ETS date.

Second, appellant's adjudged forfeiture of all pay and allowances began fourteen days

---

3. Article 75(a), UCMJ states:

   Under such regulations as the President may prescribe, all rights, privileges, and property affected by an executed part of a court-martial sentence which has been set aside or disapproved, except an executed dismissal or discharge, shall be restored unless a new trial or rehearing is ordered and such executed part is included in a sentence imposed upon the new trial or rehearing.

4. Paragraph 480901 in the DoDFMR states:

   When a court[-]martial sentence is set aside or disapproved and a new trial or rehearing is not ordered, all rights, privileges, and property affected by the executed part of the sentence are restored to the member. Such restoration includes any executed forfeiture and any pay and allowances lost as a result of an executed reduction in grade.

   Dep't of Def. Fin. Mgt. Reg., Vol. 7A: Military Pay Policy and Procedures—Active Duty and Reserve Pay [hereinafter DoDFMR, Vol. 7A], ch. 48, para. 480901 (Feb.2001), http://www.dod.mil/comptroller/fmr/07a/07a48.pdf.

5. Generally, when a term of enlistment or obligated service ends, the termination date is referred to as the "expiration of term of service" or "ETS" date. See Army Reg. 635–200, Personnel Separations: Active Duty Enlisted Administration Separations, para. 1–1d(1) (15 July 2004). A "term of enlistment" is also considered a "period of obligated service," which is the amount of time that a servicemember has agreed to serve in a particular branch of the military. See 10 U.S.C. § 1174(e)(2)(b).

6. See United States v. Smith, 56 M.J. 271, 275, 279–80 (C.A.A.F.2002); Hammond, 60 M.J. at 515 (citing Moses v. United States, 137 Ct.Cl. 374, 380, 389, 1957 WL 8298 (1957)); United States v. Fischer, 60 M.J. 650, 652–53 (N.M.Ct.Crim.App. 2004); Dock v. United States, 46 F.3d 1083, 1087, 1093 (Fed.Cir.1995); Simoy v. United States, 64 Fed.Appx. 745, 747 (Fed.Cir.2003) (unpub.); see also DoDFMR, Vol. 7A, ch. 1, paras. 010302G.1, 010302G.3, and 010302G.4 (July 1996) (IC 23–03, May 2003), http://www.dod.mil/comptroller/fmr/07a/07AIC23–03.pdf.

7. "During periods when a member is in a non-pay status, pay does not accrue against which forfeitures or fines can apply." DoDFMR, Vol. 7A, ch. 48, para. 480704 (Feb.2001), http://www.dod.mil/comptroller/fmr/07a/. "The end of term of service of a member in military confinement ... stops collections of uncollected forfeitures since no pay accrues against which forfeitures can operate." Id. at para. 480802.

after appellant was sentenced.[8] Third, even if we disapprove a portion of the adjudged forfeitures, appellant would still be subject to the automatic or mandatory forfeiture of all pay and allowances during his confinement.[9] On 8 August 2001, appellant was tried and sentenced at court-martial, and thereafter, placed into post-trial confinement. Fourth, after appellant was released from confinement he went on excess leave [10] and was not entitled to pay and allowances.[11]

Appellate government counsel address the issue of appellant being held past his ETS date for court-martial, without an entitlement to receive pay and allowances, by asserting that appellant may be paid because he was held past his ETS date on active duty "for the convenience of the government." Appellate government counsel reason:

> Given the fact that there was no lawful purpose to hold appellant in [post-trial]

confinement related to his court-martial and that this situation does not appear to have been contemplated by the DoDFMR, his additional period of confinement would likely be considered as being for the convenience of the Government, in addition to constituting relief under Article 75, UCMJ.

Brief for Appellee at 6.

We find that a R.C.M. 305(k) punishment equivalency provides the best mechanism for granting appropriate relief for the excess confinement that appellant served. Although R.C.M. 305 enumerates procedures for imposing pretrial confinement upon servicemembers, and for reviewing the necessity of continued confinement until trial, it provides a mechanism for selecting a remedy for unlawful pretrial confinement. Rule for Courts–Martial 305(k) provides, "1 day of confinement [credit] shall be equal to 1 day

---

**8.** *See* UCMJ art. 57(a)(1)(A) and (B), 10 U.S.C. § 857(a)(1)(A) and (B) (effectuating forfeitures fourteen days after trial, unless sooner imposed by the convening authority in initial action).

**9.** *See* UCMJ art. 58b(a)(1), 10 U.S.C. § 858b(a)(1); *see also United States v. Emminizer*, 56 M.J. 441, 443 (C.A.A.F.2002) ("[M]andatory forfeitures apply only when pay and allowances are 'due that member.' "). Under that *statute, automatic or mandatory forfeitures are* triggered by the specific types of sentences set forth in Article 58b(a)(2); they are: "(A) confinement for more than six months or death; or (B) *confinement for six months or less and a dishonorable or bad-conduct discharge or dismissal."* If the sentence is subsequently modified by the convening authority or upon appellate review so that it no longer provides for a qualifying punishment, then any amounts taken as automatic forfeitures will be returned to the servicemember under the repayment provision in Article 58b(c). That provision states:

> If the sentence of a member who forfeits pay and allowances under subsection (a) [of Article 58b] is set aside or disapproved or, as finally approved, *does not provide for a punishment* referred to in subsection (a)(2) [of Article 58b], the member shall be paid the pay and allowances which the member would have been paid, *except for the forfeiture, for the period* which the forfeiture was in effect.

UCMJ art. 58b(c). Therefore, through the enactment of Article 58b(c), Congress provided us with the power to provide forfeiture relief. However, in this case, we are unwilling to disapprove a punitive discharge and confinement over six months, or, in the alternative, to disapprove all confinement. *See also Emminizer*, 56 M.J. at 443 ("[M]andatory forfeitures apply only during peri-

ods in which a servicemember is in confinement or on parole as a result of the applicable court-martial sentence."); Rule for Courts–Martial [hereinafter R.C.M.] 1003(b)(2) discussion ("If only confinement is adjudged[, not exceeding six months, or if] only a punitive discharge is adjudged, Article 58b has no effect on pay and allowances.").

**10.** Excess leave orders were not included in the allied papers. *See* Army Reg. 27–10, Legal Services: Military Justice [hereinafter AR 27–10], para. 5–29d (6 Sept. 2002) (requiring that the general court-martial convening authority provide the Army Clerk of Court with excess leave orders or a copy of Dep't of Army, Form 31, Request and Authority for Leave (Sept.1993) (DA Form 31)). This provision remains unchanged in the current version. *See* AR 27–10, para. 5–29d (13 June 2005). However, pursuant to an order by this court, the government furnished appellant's DA Form 31 indicating that appellant entered an involuntary excess leave status on 27 October 2004. Although the government has provided no information regarding appellant's status from 14 September 2004 (release from confinement) to 27 October 2004 (start of excess leave), appellant's status during this period does not change our analysis.

**11.** "Soldiers on excess leave are not entitled to pay and allowances." *United States v. Paz–Medina*, 56 M.J. 501, 503 n. 6 (Army Ct.Crim.App. 2001); *see* DoDFMR, Vol. 7A, ch. 48, para. 4811 (Feb.2001), and ch. 26, tbl. 26–5 n.4 (Feb.2002), http://www.dod.mil/ comptroller/fmr/07a/; Army Reg. 600–8–10, Personnel Absences: Leaves and Passes, para. 5–15n. and tbl. 5–8, step 5 (31 July 2003).

of total forfeiture[12] or a like amount of fine. The credit shall not be applied against any other form of punishment." We agree with the Air Force Court of Criminal Appeals' use of R.C.M. 305(k) punishment equivalencies in fashioning appropriate remedies for excess confinement served. *See United States v. Sherman,* 56 M.J. 900, 902 (A.F.Ct.Crim. App.2002) (citing *United States v. Gazurian,* 46 M.J. 299 (C.A.A.F.1997) (summary disposition)). We choose to order a monetary credit of thirty days of pay and allowances at the grade of E4 to compensate appellant for thirty days of illegal post-trial confinement.[13]

The decision of this court in this case dated 29 June 2004 is reaffirmed and remains in effect. We order that appellant receive thirty days of pay and allowances at the grade of E4 to compensate appellant for thirty days of illegal post-trial confinement. *See Sherman,* 56 M.J. at 903 (affirming sentence and ordering five days of pay to compensate servicemember for five days of illegal confinement served despite servicemember's excess leave or no-pay-due status).

Senior Judge HARVEY * and Judge BARTO concur.

---

**12.** A "total forfeiture" is a forfeiture of all pay and allowances. "Allowances shall be subject to forfeiture only when the sentence includes forfeiture of all pay and allowances." R.C.M. 1003(b)(1). Furthermore, "pay and allowances" can be defined as " 'regular compensation' or 'regular military compensation (RMC)' [and] means the total of the following elements that a member of a uniformed service accrues or receives, directly or indirectly, in cash or in kind every payday: basic pay, basic allowance for housing, basic allowance for subsistence; and [the] Federal tax advantage accruing to the aforementioned allowances because they are not subject to Federal income tax." 37 U.S.C. § 101(25).

**13.** If necessary, to implement this ordered relief, the government could potentially extend appellant's ETS date, "for the convenience of the government," from 3 June 2001 to 4 July 2001, as suggested in the government's pleadings. *See* 10 U.S.C. § 972 (stating that servicemember is required to make up, as lost time, confinement for more than one day, whether before, during, or after trial, after return to full duty status, unless convictions are set aside and dismissed); *see also* Army Reg. 635–200, Personnel Separations: Active Duty Enlisted Administrative Separations, paras. 1–21 and 1–31 (6 June 2005) (stating same, but adding that if servicemember is sentenced only to confinement, or confinement and forfeitures or fine, discharge will occur on adjusted ETS date).

* Senior Judge Harvey took final action in this case prior to his retirement.