# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SCHENCK, ZOLPER, and WALBURN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Second Lieutenant JAVIER O. MORALEZ**
**United States Army, Appellant**

ARMY 20060123

National Training Center and Fort Irwin
Mark L. Toole, Military Judge
Lieutenant Colonel Claes H. Lewenhaupt, Staff Judge Advocate

For Appellant:  Major Tyesha E. Lowery, JA; Captain Kathleena R. Scarpato (on brief).

For Appellee:  Major Tami L. Dillahunt, JA.

22 June 2007

-------------------------------------------------------------------
OPINION OF THE COURT ON RECONSIDERATION
-------------------------------------------------------------------

ZOLPER, Judge:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of failing to obey a lawful general regulation, adultery on divers occasions, fraternization, and fraternization on divers occasions, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934 [hereinafter UCMJ].  The military judge sentenced appellant to a dismissal, confinement for six months, and forfeiture of all pay and allowances.  Pursuant to a pretrial agreement, the convening authority approved confinement for 120 days, but otherwise approved the adjudged sentence.  This case is before the court for review pursuant to Article 66(c), UCMJ.

## BACKGROUND

On 25 May 2007, this court issued an unpublished opinion affirming the findings of guilty and the sentence.  *United States v. Moralez*, ARMY 20060123

(Army Ct. Crim. App. 25 May 2007) (unpub.).  We now sua sponte reconsider[1] our opinion to highlight a common and recurring problem in the Army:  misinterprettation of the rules governing deferment and waiver of forfeitures.  UCMJ art. 57(a)(2) and 58b(a)–(b).  "Congress has recognized the serious impact that [adjudged and automatic] forfeitures would have on the family of the accused by providing the authority for deferment and waiver" to the convening authority. *United States v. Brown*, 54 M.J. 289, 292 (C.A.A.F. 2000).  Consequently, all parties in the court-martial process must understand deferment and waiver concepts and how to apply them in different factual settings.  Although we affirm the findings of guilty and the sentence in appellant's case, we write to reinforce military justice practitioners' professional responsibility to recognize and *properly* apply Congressionally-created deferment and waiver rules on a case-by-case basis.

Appellate defense counsel submitted this case to the court for consideration on its merits.  Although not raised by counsel, or personally by appellant in matters submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we note the staff judge advocate (SJA) provided incomplete advice to the convening authority regarding appellant's request for deferment and waiver of forfeitures.  This matter merits discussion, but no relief.

### FACTS

On 21 February 2006, trial defense counsel submitted a request for deferment and waiver of forfeitures asking the convening authority to:  (1) defer adjudged and automatic forfeitures until initial action; and (2) at action, disapprove adjudged forfeitures and waive automatic forfeitures until appellant's release from confinement.  On 24 February 2006, the SJA advised the convening authority regarding appellant's request.  The SJA recommended deferring appellant's adjudged and automatic forfeitures; however, he also advised:  "The request to disapprove [adjudged] and waive [automatic] forfeitures is more appropriately addressed at time of [a]ction."

On 3 March 2006, in a separate document titled "DIRECTION OF THE CONVENING AUTHORITY," the convening authority deferred adjudged and automatic forfeitures until action, effective 23 February 2006.  Pursuant to his SJA's advice, the convening authority further stated:  "I will address the request to waive the adjudged [sic] and automatic forfeitures, for the period of [appellant's] confinement, at the time of [a]ction."  Neither the SJA's 28 April 2006 post-trial

---

[1] Army Court of Criminal Appeals Internal Rules of Practice and Procedure Rule 19 (1 Apr. 2002).

recommendation nor his 5 June 2006 addendum further advised the convening authority regarding disapproving adjudged forfeitures and waiving automatic forfeitures, and appellant did not mention this matter in his 23 May 2006 clemency submission.  In his 9 June 2006 initial action, the convening authority approved that part of appellant's sentence extending to a forfeiture of all pay and allowances, and did not act on the waiver request, effectively denying it.

## DISCUSSION

By informing the convening authority that disapproval and waiver are "more appropriately addressed at time of [a]ction," the SJA rendered incomplete advice. Rather than presenting only this advice, the SJA should have further advised that although adjudged forfeitures can be disapproved only at action,[2] automatic forfeitures can be waived as soon as they become effective.  The convening authority, though not told, had the option of:  (1) first deferring adjudged forfeitures—thus creating an entitlement to pay and allowances subject to automatic forfeiture;[3] and then (2) waiving automatic forfeitures for the period of appellant's confinement, not to exceed six months, "when they bec[a]me effective by operation of Article 57(a)," i.e., fourteen days after the military judge imposed the sentence in this case.  Rule for Courts-Martial 1101(d)(1); *see* UCMJ art. 57(a)(1)(A) and 58b(a)(1); *United States v. Nicholson*, 55 M.J. 551, 553 (Army Ct. Crim. App. 2001) ("[W]e hold that a convening authority may act on an Article 58b, UCMJ, request for waiver of automatic forfeitures at any time prior to or at the time of action."); *see also Adney*, 61 M.J. at 556 (convening authority may waive "all or part of the automatic forfeitures for six months or less," starting "before or after action").

Under the facts of this case, and absent any comment or objection by appellant in his clemency submission or appellate filing, we find no prejudice resulting from the SJA's incomplete advice to the convening authority.[4]  First, the

---

[2] *United States v. Adney*, 61 M.J. 554, 556 (Army Ct. Crim. App. 2005) ("A convening authority may *defer adjudged* forfeitures until action and then at action may approve, disapprove, suspend, or modify adjudged forfeitures.").

[3] *United States v. Emminizer*, 56 M.J. 441, 445 (C.A.A.F. 2002) ("To the extent that adjudged forfeitures are deferred, there is a corresponding increase in compensation subject to mandatory forfeitures—and available to be waived on behalf of a servicemember's dependents for up to six months under Article 58b(b).").

[4] *United States v. Capers*, 62 M.J. 268, 269 (C.A.A.F. 2005) (applying plain error analysis where SJAR error not raised, and using the "colorable showing of possible

(continued . . .)

convening authority deferred appellant's adjudged and automatic forfeitures, effective 23 February 2006, until he took initial action on 9 June 2006. Thus, appellant received pay and allowances during this period, and was therefore able to provide necessary support for his spouse, Mrs. Moralez. If, in the alternative, the convening authority deferred adjudged and then waived automatic forfeitures during the same period, the practical result would have been the same—available monetary support for Mrs. Moralez. Arguably, *deferred* forfeitures inure to the direct benefit of an appellant; they remain part of his military compensation and are directly deposited into his designated bank account. On the other hand, *waived* forfeitures inure to the direct benefit of an appellant's dependents; they are paid directly to an appellant's spouse or the custodian of his minor children (if unmarried) by direct deposit or treasury check.

We also note the record does not indicate Mrs. Moralez complained to the convening authority about not receiving financial support from appellant. More important, a direct deposit form (signed and dated by Mrs. Moralez) is attached to appellant's deferment and waiver request. Using this form to channel deferred forfeitures directly into Mrs. Moralez's bank account would ostensibly cause deferred forfeitures to operate as though they had been waived, i.e., paid directly to appellant's dependents.

Second, even if the SJA rendered complete advice, and the convening authority disapproved adjudged and waived automatic forfeitures at action, appellant would not have been entitled to forfeiture relief. Appellant was sentenced on 9 February 2006. When the convening authority took initial action on 9 June 2006, he approved a 120-day sentence to confinement in accordance with appellant's pretrial agreement. Considering the convening authority approved a 120-day sentence to confinement approximately 120 days after appellant's court-martial concluded, in all likelihood appellant was released from confinement no later than 9 June 2006 (the 120th day after sentencing) and placed on excess leave.[5] The record of trial does not indicate appellant was returned to duty status after his

---

(. . . continued)
prejudice" threshold in testing for prejudice); *see United States v. Scalo*, 60 M.J. 435, 436-37 (C.A.A.F. 2005).

[5] Excess leave orders were not included in the record of trial. *See* Army Reg. 27-10, Legal Services: Military Justice, para. 5-30d (16 Nov. 2005) (requiring the convening authority to provide the Army Clerk of Court with excess leave orders or a copy of Dep't of Army, Form 31, Request and Authority for Leave (Sept. 1993) (DA Form 31)).

release.  "Soldiers on excess leave are not entitled to pay and allowances." *United States v. Paz-Medina*, 56 M.J. 501, 503 n.6 (Army Ct. Crim. App. 2001).  "When a servicemember is not entitled to compensation covered by the mandatory forfeiture provisions of Article 58b, there is nothing to waive." *Emminizer*, 56 M.J. at 444.  In sum, a subsequent disapproval of adjudged forfeitures and waiver of automatic forfeitures would not have resulted in continued support for Mrs. Moralez because at action—which appears to have coincided with appellant's release from confinement—"there was no pay to forfeit, which meant that no funds were available for [a]ppellant's dependents, either through [deferred or waived] forfeitures." *Capers*, 62 M.J. at 269 (citing *United States v. Smith*, 56 M.J. 271, 275 (C.A.A.F. 2002)); *see United States v. Hammond*, 61 M.J. 676, 678–79 (Army Ct. Crim. App. 2005) (discussing other factors which may limit forfeiture relief).

**CONCLUSION**

The 25 May 2007 unpublished opinion of this court is vacated.  We have considered those matters personally asserted by appellant pursuant to *Grostefon*, 12 M.J. at 431, and find them to be without merit.

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge SCHENCK and Judge WALBURN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court