UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 ZOLPER, COOK, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 JACOB B. KILGORE
 United States Army, Appellant

 ARMY 20070941

 Headquarters, 1st Infantry Division and Fort Riley
 John P. Saunders, Military Judge
 Colonel Scott W. Arnold, Staff Judge Advocate

For Appellant: Colonel Christopher J. O’Brien, JA; Lieutenant Colonel
Steven C. Henricks, JA; Major Teresa L. Raymond, JA; Captain W. Jeremy
Stephens, JA (on brief).

For Appellee: Colonel Denise R. Lind, JA; Major Lisa L. Gumbs, JA; Major
Donna E. Leavitt, JA (on brief).

 28 August 2008

 -----------------------------------------
 SUMMARY DISPOSITION
 -----------------------------------------
Per Curiam:

 Appellant was convicted by a military judge sitting as a general
court-marital, pursuant to his pleas, of conspiracy to commit larceny over
$500.00, failure to repair, absence without leave, willfully disobeying a
superior commissioned officer, false official statement (two
specifications), larceny of a value over $500.00, forgery, and breaking
restriction, in violation of Uniform Code of Military Justice [hereafter
UCMJ], Articles 81, 86, 90, 107, 121, 123 and 134; 10 U.S.C. §§ 881, 886,
890, 907, 921, 923, and 934 (2005). We agree with appellate counsel that
appellant suffered illegal post-trial confinement.[1]
 While we affirm the findings of guilty and the sentence[2], we also
order that the appellant receive twenty-eight days of pay and allowances at
the grade of E1 to compensate appellant for twenty-eight days of illegal
post-trial confinement. See United States v. Hammond, 61 M.J. 676, 678
(Army Ct. Crim. App. 2005).

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] Government appellate counsel agree that the appellant suffered twenty-
eight days of illegal post-trial confinement from 6 November through 4
December 2007, and that financial remuneration is the appropriate remedy.
However, government appellate counsel argue that because the appellant
received full pay and allowances from 6 November to 20 November 2007, due
to the convening authority deferring automatic forfeitures, appellant
should only receive fourteen days of full pay and allowances for the period
of 21 November through 4 December to avoid overpaying appellant. We
disagree and find the convening authority’s independent act of deferring
forfeitures unrelated to the issue of providing appellant a remedy for
suffering illegal post-trial confinement.

[2] We have considered the matters personally asserted by appellant
pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), and find
them to be encompassed by the appellant’s asserted assignment of error
regarding illegal post-trial confinement.