UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, and CONN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E2 ALEXANDER L. JOHNSON
 United States Army, Appellant

 ARMY 20080445

 82d Airborne Division
 Patrick J. Parrish, Military Judge
 Lieutenant Colonel William A. Schmittel, Acting Staff Judge Advocate
 (pretrial)
 Lieutenant Colonel Gregg A. Engler, Acting Staff Judge Advocate
 (recommendation)
 Lieutenant Colonel Jeffrey C. Hagler, Staff Judge Advocate (addendum)
 Lieutenant Colonel Paul S. Wilson, Staff Judge Advocate (forfeiture
 request)

For Appellee: Lieutenant Colonel Mark Tellitocci, JA; Lieutenant Colonel
Matthew M. Miller; JA; Major Grace M. Gallagher, JA; Captain Alison L.
Gregoire, JA (on brief).

For Appellant: Lieutenant Colonel Francis C. Kiley, JA; Captain Claire L.
O’Shaughnessy, JA (on brief).

 13 May 2009

 --------------------------------
 SUMMARY DISPOSITION
 --------------------------------

Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, contrary to his plea, of desertion with intent to avoid
hazardous duty, in violation of Article 85, Uniform Code of Military
Justice [hereinafter UCMJ], 10 U.S.C. § 885. The military judge sentenced
appellant to reduction to a bad-conduct discharge, confinement for six
months, and reduction to Private E1.

 This case is before us for review pursuant to Article 66, UCMJ. We
have carefully considered appellant’s assertion that the convening
authority’s intent to first defer and then waive mandatory forfeitures
under Article 58a, UCMJ, was “frustrated” because the Staff Judge Advocate
(SJA) prepared a form which only offered the option to approve or
disapprove simultaneous deferral and waiver of forfeitures. The record
demonstrates appellant sought only waiver of mandatory forfeitures for the
benefit of his family and not deferral of forfeitures for his own benefit,
but received both. Consequently, appellant’s assignment of error merits no
relief.

 In apparent consideration of evidence regarding appellant’s family
situation, the military judge did not sentence appellant to any financial
forfeiture. Further, the military judge added after announcing sentence:
“The court strongly recommends that the pay which is forfeited by law be
paid to the accused’s wife for the maximum period authorized.”

 Two days later, appellant’s defense counsel noted the military judge’s
recommendation in a memorandum to the convening authority (CA): “On behalf
of [appellant,] I respectfully request that you defer and waive his
automatic forfeitures of pay and allowances under Article 58b, UCMJ and
direct his pay be given to his 18 year-old wife and two young children. . .
.” The request concluded by stating, “For the above reasons, I
respectfully request that you waive his automatic forfeitures of pay and
allowances for the maximum period of 6 months, under Article 58b, and
direct his pay be given to his young wife and two children.”

 The SJA prepared a decision memorandum for the CA properly outlining
the legal options regarding deferral and waiver of forfeitures.[1] The
memorandum included options for the CA to disapprove or approve deferral
and waiver of forfeitures, effective on the same day mandatory forfeitures
would take effect pursuant to Article 58b, UCMJ.

 The record does not support the supposition that the convening
authority intended to first defer and then waive forfeitures, or that
appellant or his counsel actually requested such action. While the defense
counsel initially used the phrase “defer and waive” in his request, he
framed the request solely for the benefit of appellant’s wife and
children.[2] Obviously, the CA could not direct deferred forfeitures be
paid to appellant’s family. See United States v. Adney, 61 M.J. 554, 556
(Army Ct. Crim. App. 2005). Further, mandatory forfeitures may only be
“waived” when paid directly to dependents. See Article 58b(b), UCMJ. We
hold the SJA’s decision memorandum to the CA properly addressed deferral
and waiver and allowed the CA to elect whether to waive appellant’s
mandatory forfeitures of Article 58a, UCMJ, for the benefit of his family.
Waiver of forfeitures clearly was appellant’s intent, reflected both by the
memorandum requesting waiver and appellant’s R.C.M. 1105 submissions, in
which he thanked the CA for granting the waiver. The post-trial
submissions were notably silent on any error regarding deferral of
forfeitures.

 Even if error existed, appellant was not prejudiced. We note
appellant received both deferral and waiver in this case. See Article 59,
UCMJ. Further, given appellant’s short six month sentence, it is unlikely
he would have been able to receive both deferral and the requested six
month waiver of forfeitures before release from confinement, which would
have terminated his right to any pay and allowances. See United States v.
Morales, 65 M.J. 665, 667 (Army Ct. Crim. App. 2007). Therefore, appellant
has failed to show the requisite prejudice to his substantial rights
necessary to grant the relief he requests. United States v. Wheelus, 49
M.J. 283, 289 (C.A.A.F. 1998).

 CONCLUSION

 On consideration of the entire record, including the assignment of
error and matters personally asserted by appellant pursuant to United
States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), the findings of guilty and
the sentence are affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court

-----------------------
[1] The memorandum erroneously stated appellant was tried by a special
court-martial, but we find no prejudicial error in this misstatement.

 [2] However imprecise the language used by counsel may be, even an
obviously superfluous request to both “defer and waive” obligates an SJA to
obtain the CA’s specific action on deferral. See Rule for Courts-Martial
[hereinafter R.C.M.] 1101(c)(3); United States v. Sloan, 35 M.J. 4, 6-7
(C.M.A. 1992).